# CHARLESTON.

## STATE *v.* JOHN GEMMA.

Submitted November 13, 1923.   Decided December 11, 1923.

1.   INTOXICATING LIQUORS—*"Moonshine Liquor" Defined.*

    The words "Moonshine Liquor" as used in sec. 37 of ch. 32A, Barnes' Code, 1923, means liquor made in a "moonshine still" as defined therein.   (p. 209).

2.   SAME—*Possession of Bonded Liquor Insufficient to Sustain Conviction for Unlawful Possession of "Moonshine Liquor."*

    Where the evidence shows that the defendant had in his possession certain quantities of bonded liquor, bonded out side of the state in 1921, and stored by him in his home in September, 1921, he does not violate that provision of sec. 37 of ch. 32A, Barnes' Code, 1923, making it unlawful for any person to have in his possession any quantity of moonshine liquor. Bonded whiskey is not "moonshine liquor" as contemplated in said provision   (p. 210).

3.   SAME—*Presumption That Liquor Unlawfully Possessed Is Moonshine Rebuttable; Proof That Liquor in Accused's Possession Is Bonded Liquor Sufficiently Rebuts Presumption That It is Moonshine.*

    Where the statute provides that "the finding of any quantity of intoxicating liquor in the possession of any person, other than commercial whiskies which were obtained and stored in homes for domestic use at a time when it was lawful so to do, shall be *prima facie* evidence that the same is moonshine liquor," said *prima facie* evidence is subject to be re-

butted, and where the evidence shows that the liquor so found in the possession of the defendant was bonded liquor, this *prima facie* evidence is sufficiently rebutted.    (p. 210).

Error to Criminal Court, Harrison County.

John Gemma was convicted of unlawfully having in his possession moonshine liquor, and he brings error.

*Reversed.*

*Clarence B. Sperry,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *W. G. Brown,* State Prohibition Commissioner, for the State.

McGINNIS, JUDGE:

At the November 1921 term of the Criminal Court of Harrison County, the defendant was indicted and convicted for unlawfully having in his possession moonshine liquor, and sentenced to pay a fine of $150.00 and to confinement in jail for 60 days.    He complains of said conviction and brings it here on a writ of error.

The defendant was convicted on an agreed statement of facts which was, by agreement, submitted to the court for its decision.    The agreed statement is as follows: "On the ...... day of September, 1921, the defendant had stored at his home in the city of Clarksburg, Harrison County, West Virginia, forty-eight pints of bonded Large Whiskey, twelve pints of bonded Golden Wedding Rye Whiskey and a quantity of Father Pit Whiskey, in all 120 pints, all bonded in the year 1921, out side of the State of West Virginia."

The sole question to be decided in this case is, was this whiskey described in this statement of facts Moonshine Liquor?    Section 37, ch. 32A Barnes Code, makes it an offense for any person to have in his possession any quantity of Moonshine Liquor and prescribes punishment therefor, this section says, in part; "And provided further that the finding of any quantity of intoxicating liquor in the possession of any person other than Commercial Whiskies, which were ob-

tained and stored in houses for domestic use at a time when it was lawful so to do shall be *prima facie* evidence that the same is Moonshine Liquor.'' Our statute does not define Moonshine Liquor; however, in the same section referred to above, a Moonshine Still is defined as follows: ''For the purpose of this act, any mechanism, apparatus or device that is kept or maintained in any desert, secluded, hidden, secret or solitary place, away from the observation of the general public, or in any building, dwelling-house or other place, for the purpose of distilling, making or manufacturing intoxicating liquors, or which by any process of evaporation, separates alcoholic liquor from grain, molasses, fruit or any other fermented substance, or that is capable of any such use, shall be taken and deemed to be a ''moonshine still.''

This section also makes it a felony for any person to own, operate, maintain or have in his possession, or have an interest in a moonshine still, and prescribes the form of the indictment for that offense. This section also makes it a misdemeanor for any person to make or have in possession mash and the other substances for the purpose of making intoxicating liquors, and prescribes a form of indictment for that offense. The legislature, when it passed this section, was dealing with moonshine stills, their products and the substances from which intoxicating liquors are, or can be made, in such stills and the possession of the product made therein, and doubtless perceiving the difficulty in convicting a violator for having in his possession moonshine liquor, it placed upon the person who has in his possession intoxicatng liquor, ''other than commercial whiskies which were obtained and stored in houses for domestic use at a time when it was lawful so to do'', the burden of overcoming the *prima facie* case that the liquor was moonshine liquor, or the product of a moonshine still. We define moonshine liquor, as contemplated in this statute, to mean liquor made in a moonshine still, as defined in this section. In this case the evidence makes a prima facie case against the defendant of having in his possession moonshine liquor. It does not come within the exception mentioned in the statute; it was not ''obtained and stored in houses for domestic use at a time when it was lawful so to do.'' The possession of this liquor by the

defendant being only *prima facie* evidence that the same is "moonshine liquor." This evidence is subject to be rebutted and in this case we think the *prima facie* evidence has been conclusively rebutted. The statement of facts show that this whiskey was bottled in bond and outside the state in 1921.

If the liquor found in the possession of the defendant was moonshine liquor, we must necessarily find that the government of the United States, in 1921, bonded whiskey made in a moonshine still.

It is insisted by the state that the evidence shows that this liquor had been brought into the state in 1921, and stored, by the defendant, contrary to law and that the evidence of the whiskey itself showing that it was lawfully bonded out side of the state is not sufficient to rebut the prima facie case against the defendant for having in his possession moonshine liquor. With this theory we can not agree. This defendant was indicted and tried for the specific offense of having in his possession moonshine liquor, and the evidence clearly shows that the liquor in his possession was not moonshine liquor as we herein define that term.

We therefore reverse the finding of the lower court, and set aside the judgment.

*Reversed.*